# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIAMOND RESORTS U.S.
COLLECTION DEVELOPMENT, LLC
and DIAMOND RESORTS
INTERNATIONAL, INC.,**

        **Petitioners,**

v.                                      Case No: 6:16-cv-1695-Orl-41DCI

**KAY GUTIERREZ,**

        **Respondent.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR DEFAULT FINAL JUDGMENT (Doc. 25)**
>
> **FILED:**      **July 27, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND.

On September 27, 2016, Diamond Resorts U.S. Collection Development, LLC (Developer) and Diamond Resorts International, Inc. (DRI) (collectively, the Petitioners) filed a Petition against Kay Gutierrez (Respondent) seeking to confirm an arbitration award (the Award) pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.* Doc. 1.

Respondent was personally served with the summons and a copy of the Petition on November 14, 2016. Doc. 9. Thus, Respondent had 21 days from the date of service – December

5, 2016 – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Respondent appeared in this action, through counsel, on December 13, 2016, and twice moved to extend the deadline to respond to the Petition. Docs. 11; 13; 17. The Court extended the response deadline twice, with the final deadline being January 13, 2017. Docs. 16; 18. Respondent, however, failed to respond to the Petition by January 13, 2017. Thus, Petitioners moved for default against Respondent. Doc. 20. On May 15, 2017, the Clerk entered default against Respondent. Doc. 21.

On July 27, 2017, Petitioners filed a Motion for Default Final Judgment (Motion). Doc. 25. Petitioners argue that they are entitled to default judgment against Respondent, and, as a result, request that the Court enter default judgment "confirming the Award . . ., and enter judgment in the amount of $261,747.52, plus post judgment interest in accordance with 28 U.S.C. § 1961." *Id.* at 2-6.

## II. **STANDARD OR REVIEW.**

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in their motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of

damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

## III. ANALYSIS.

### A. Jurisdiction.

The Court has subject matter jurisdiction over this case because the parties are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Doc. 1 at 2-3; *see* 28 U.S.C. § 1332. Further, the Court has personal jurisdiction over Respondent because she appeared in this action without timely raising a defense of lack of personal jurisdiction. *See* Docs. 11; 13; 15; 17; *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (explaining that "[a] party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent.").

### B. Clerk's Default.

Respondent was personally served with the summons and a copy of the Petition on November 14, 2016. Doc. 9. Thus, Respondent initially had 21 days from the date of service – December 5, 2016 – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Respondent, however, did not file a response to the Petition by December 5, 2016. Respondent, though, appeared in this action, through counsel, on December 13, 2016, and twice moved to extend the

deadline to respond to the Petition. Docs. 11; 13; 17. The Court extended the response deadline twice, with the final deadline being set for January 13, 2017. Docs. 16; 18. Respondent failed to respond to the Petition within the time provided by the Court, and, as a result, was in default. Therefore, the undersigned finds that the Clerk properly entered default against Respondent.

### C. Liability and Damages.

According to the well-pled allegations in the Petition, Respondent and Developer entered into a Purchase and Security Agreement (Agreement) and Promissory Note (Note) in October 2013. Doc. 1 at ¶¶ 17-18. The Agreement contained a provision for binding arbitration. *Id*. at ¶ 19. In 2015, Respondent initiated arbitration proceedings against Developer by filing a Statement of Claim with the American Arbitration Association (AAA), asserting several claims against Developer. *Id*. at ¶ 22. Respondent subsequently amended her Statement of Claim to include DRI, even though DRI was not party to the arbitration agreement between Respondent and Developer. *Id*. at ¶ 25. The Developer filed an answer to the Statement of Claim, and asserted a counterclaim against Respondent for breach of the Note. *Id*. at ¶ 27. The final arbitration hearing occurred in Orlando, Florida on March 16 and 17, 2016. *Id*. at ¶ 28. The parties agreed that the arbitrator could determine both entitlement to and the amount of attorney fees and costs for the prevailing party. *Id*. at ¶ 33.

On May 16, 2016, the arbitrator entered her decision finding in Petitioners' favor on all claims, including Developer's counterclaim. Docs. 1 at ¶¶ 34-35; 1-1 at 6-15. The arbitrator found that Developer was entitled to the following relief: 1) an award of $38,492.05 for breach of the Note, with interest thereon of $12.08 per day; and 2) an award of $25,428.08 for Petitioners' share of the AAA administrative fees. Docs. 1 at ¶ 36; 1-1 at 15. On August 31, 2016, the arbitrator entered a decision modifying her prior decision, in which she found that Petitioners were entitled

to a total of $174,051.55 in attorney fees and costs incurred as a result of the arbitration.  Docs. 1 at ¶ 37; 1-1 at 16.  Respondent has failed to pay the amount awarded in the arbitrator's decisions, i.e., the Award.  *See id*. at ¶ 41.  Petitioners now seek to confirm the Award.

If a party applies for an order confirming an arbitration award within one year of the award, the court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]."  9 U.S.C. § 9.  Any attempt to vacate or modify an award must occur within three months after the award is filed or delivered.  9 U.S.C. § 12.

Respondent has not sought to vacate or modify the Award within the proscribed period, and, thus, has waived her right to vacate or modify the award.  Further, Petitioners' sought to confirm the Award within one year of the Award being entered.  In light of the well-pled allegations in the Petition and Respondent's default, the undersigned finds – and Respondent apparently conceded (Doc. 20-2) – that Petitioners are entitled to confirmation of the Award.  Therefore, the undersigned finds that the Petitioners are entitled to default judgment confirming the Award.

The undersigned finds that there is no need to conduct an evidentiary hearing on damages, because the amounts awarded by the arbitrator, including the interest that has accrued following the Award through the date of the Motion, are liquidated, as reflected in the Award.  Docs. 1-1 at 15-16; 25 at 4-5.  Therefore, the undersigned finds that Petitioners are entitled to default judgment in the amount of $243,987.52,[2] in addition to the amount recommended below for attorney fees and costs incurred in seeking confirmation of the Award.

---

[2] This figure is calculated as follows: $38,492.05 (damages from breach of the Note, including interest thereon of $12.08 per day through March 16, 2016) + $6,015.84 (total interest that has accrued between March 16, 2016 and July 27, 2017) + $25,428.08 (Petitioners' share of the AAA administrative fees) + $174,051.55 (Petitioners' attorney fees and costs incurred as a result of the arbitration) = $243,987.52.

**D. Attorney Fees and Costs.**

Petitioners argue that they are entitled to an award of attorney fees and costs for seeking confirmation of the Award, and, thus, request an award of $17,760.00 in attorney fees and costs. Doc. 25 at 5-6.

The Note provides, in relevant part, as follows:

> Upon the failure of Maker[3] to make any payment required under this Promissory Note in accordance with the terms hereof or Maker's breach of any of the other covenants or agreements contained herein or in the Agreement, then and in such event, Holder[4], at Holder's option, subject to any right of reinstatement to which Maker is entitled under applicable law, may (i) declare, without further demand, all of the amounts owed hereunder to be immediately due and payable; and (ii) pursue all rights and remedies available to Holder under this Promissory Note and the Agreement by appropriate proceedings. *To the extent permitted by law, Holder shall be entitled to collect in such proceedings all expenses of enforcement, including but not limited to, reasonable attorneys' fees, publication costs, costs of judgment and other searches, and court costs.*

Doc. 25-3 at 3 (emphasis added). The arbitrator, as previously discussed, found that the Developer demonstrated that Respondent breached the Note, and, thus, was entitled to relief, including an "award of its reasonable attorneys' fees and costs, as provided for in the Note." Doc. 1-1 at 15. The Note, as shown above, provides that the Developer is entitled an award of its reasonable attorney fees and costs related to the enforcement of its rights under the Note. Therefore, the undersigned finds that Petitioners are entitled to an award of their reasonable attorney fees and costs for seeking confirmation of the Award.

Petitioners argue that they are entitled to recover a total of $16,450.00 in attorney fees for the work performed in relation to this case. Doc. 25 at 5-6. The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the reasonable

---

[3] The Note defines "Maker" as Respondent. Doc. 25-3 at 2.

[4] The Note defines "Holder" as Developer. Doc. 25-3 at 2.

hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010). The chart below details the time Petitioners' counsel spent litigating this case and their requested hourly rates:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Richard W. Epstein | 13.20 | $450.00 | $5,940.00 |
| Meredith H. Leonard | 14.00 | $290.00 | $4,060.00 |
| Eyal Sharon | 25.80 | $250.00 | $6,450.00 |
| | **Total** | | **$16,450.00** |

Docs. 25-2; 25-4. Petitioners present a declaration from Mr. Epstein in support of their request for attorney fees. Doc. 25-2. Mr. Epstein declares that the time counsel spent working on this case was necessary and reasonable. *Id*. at 5-6. Mr. Epstein also declares that the requested hourly rates[5] are consistent with the prevailing market rates in this district for attorneys with similar experience and performing similar work. *Id*. at 7-8. The undersigned, having carefully reviewed and considered Mr. Epstein's declaration, the time sheets, and the absence of any objections, finds that the time counsel spent prosecuting this case and their requested hourly rates are reasonable. Therefore, the undersigned recommends that the Court award Petitioners at total of $16,450.00 in attorney fees for the work counsel performed in prosecuting this case.

Petitioners also argue that they are entitled to recover a total of $1,310.00 in costs, which represents $400.00 for the filing fee, and $910.00 for serving process. Docs. 25 at 5-6; 25-5 at 2. These types of costs are recoverable pursuant to 28 U.S.C. § 1920(1). *Pelc v. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015).[6] Thus, the Court must determine whether the amounts Petitioners

---

[5] Mr. Epstein represents that he, Ms. Leonard, and Mr. Sharon reduced their customary hourly rates in this case by $100.00, $105.00, and $115.00, respectively. Doc. 25-2 at 8.

[6] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

request are reasonable. The undersigned finds that Petitioners request to recover $400.00 for the filing fee is reasonable. The undersigned, however, finds that Petitioners request to recover $910.00 for service of process is unreasonable.

Petitioners employed a private process server to serve Respondent. Doc. 9. "Private process server fees may be taxed pursuant to §§ 1920(1) and 1921 as long as they do not exceed the statutory fees authorized in § 1921." *Access for the Disabled, Inc. v. Missouri Mart, Inc.*, Case No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *4 (M.D. Fla. Dec. 7, 2006) (quotations omitted) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)). The statutorily authorized fee for § 1921 is set forth in 28 C.F.R. § 0.114. The record reveals that service occurred after October 30, 2013 (Doc. 9), at which time the U.S. Marshals Service was authorized to collect $65.00 per hour for service of process, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3) (2013). There is no evidence that service took longer than an hour, or that that the process server incurred travel costs or other out-of-pocket expenses in connection with serving Respondent. *See* Docs. 9; 25; 25-1; 25-2; 25-5; *see also Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (finding that a party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review of the costs.). Thus, absent such evidence, the undersigned finds that Petitioners should only be entitled to recover $65.00 for serving Respondent. *Pelc*, 2013 WL 3771233, at *5 (finding that failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds to deny a request for costs) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

Therefore, in light of the foregoing, the undersigned finds that Petitioners are entitled to recover a total of $16,915.00 in attorney fees and costs.

IV. **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 25) be **GRANTED** as follows:

    a. The arbitration award (Doc. 1-1) be **CONFIRMED**; and

    b. Default judgment be entered in favor of Petitioners and against Respondent in the total amount of $260,902.52,[7] plus post-judgment interest thereon at the legal rate;

2. The Motion (Doc. 25) be **DENIED** in all other respects; and

3. The Clerk be **DIRECTED** to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[7] This figure is calculated as follows: $38,492.05 (damages from breach of the Note, including interest thereon of $12.08 per day through March 16, 2016) + $6,015.84 (total interest that has accrued between March 16, 2016 and July 27, 2017) + $25,428.08 (Petitioners' share of the AAA administrative fees) + $174,051.55 (Petitioners' attorney fees and costs incurred as a result of the arbitration) + $16,915.00 (Petitioners' attorney fees and costs incurred in relation to seeking confirmation of the Award) = $260,902.52.

Recommended in Orlando, Florida on December 8, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy